UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

TREVIS S. BARBER                                    CIVIL ACTION

VERSUS                                              NO. 07-3166

WARDEN JEFFREY TRAVIS ET AL.                        SECTION "C" (2)

## REPORT AND RECOMMENDATION

Plaintiff, Trevis S. Barber, is a prisoner currently incarcerated in the Rayburn Correctional Center ("RCC") in Angie, Louisiana.  He filed this complaint pro se and in forma pauperis pursuant to 42 U.S.C. § 1983 against four defendants, RCC Warden Jeffrey Travis, RCC Major Johnny Gerald, Louisiana Department of Corrections Secretary Richard Stalder and Dr. Jerry Thomas.  Barber alleges that, while he was incarcerated in RCC, he was denied the right to exercise.  He also alleges that, while attempting to exercise on May 5, 2007, he suffered injuries for which he did not receive adequate medical care.  He seeks monetary damages and injunctive relief.  Record Doc. No. 1 (Complaint at p. 4).

On August 28, 2007, I conducted a telephone conference in this matter. Participating were plaintiff pro se and Stacey Johnson, counsel for defendants.  Plaintiff was sworn and testified for all purposes permitted by Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985), and its progeny.

I.    <u>THE RECORD</u>

During the <u>Spears</u> hearing, Barber confirmed that he asserts two claims in this case:  (1) Defendants denied him the right to proper exercise because he was forced to wear full restraints, including handcuffs and leg shackles, while outside in the exercise yard.  (2)  Plaintiff was not given adequate medical care for injuries suffered from a fall in the exercise yard.  Barber testified that he is currently incarcerated based upon his conviction in 2001 for armed robbery, for which he is serving a 10-year prison sentence.

Plaintiff testified that he was denied the right to proper exercise for a period of six months from February through August 2007.  Barber stated that, during that time period, he was placed by prison officials on extended lockdown for engaging in a sex act with another inmate in violation of RCC Disciplinary Rule 21.  He testified that, while in lockdown, he was taken for exercise five times a week for 50 minutes each time. Plaintiff stated that, before he was taken outside, he was placed in full restraints, consisting of handcuffs attached to a waist belt, which, plaintiff stated, "was pretty much placed on as tight as could be," and a pair of leg shackles to limit his leg movement.  He alleged that he could not exercise properly while restrained in this way and, as a result of these restrictions, he suffers from aches and pain in his muscles, shoulders, back and neck.

As to his second claim, Barber stated that he did not receive proper medical care for an injury that he suffered after a fall in the exercise yard. He testified that the incident that led to his injury occurred on May 5, 2007. He stated that he was outside with another inmate and that he was attempting "to do some running around the cage . . . some light jogging, if that's what you could call it," while in the restraints described above. Barber testified that, while he was trying to jog in this fashion, his foot "got caught up in the leg irons and in the process of that," he fell and hit his head on a pole on the inside of the cage. Barber stated that he felt a shock go through his neck during the fall.

Plaintiff stated that an RCC medic, Josh Goff, came out to the yard within a few minutes of the fall. Barber testified that Goff grabbed him by the front of his jump suit, sat him up and leaned him back against the front of the cage. He said that Goff felt around his neck for any injuries and treated two minor abrasions on his elbow and forehead with antibiotic ointment and some dressing.

Plaintiff stated that, on the next day, he made a routine sick call to get some pain medication for his neck and was given a bottle of Motrin and referred to the doctor. Plaintiff stated that he was seen by Dr. Jerry Thomas at RCC on May 15, 2007. He stated that Dr. Thomas checked out his neck, but that he did not take x-rays. Barber further testified that the doctor gave him muscle relaxers and another bottle of Motrin for his neck pain. He said that Dr. Thomas finally referred him for x-rays in July 2007 and that

3

the x-rays were taken at RCC soon thereafter.  He said that Dr. Thomas also prescribed Robaxin for him for neck pain.

Barber stated that he has received no other medical treatment, but that he is still experiencing pain in his neck.  He testified that he has not yet seen the results of his x-rays that were taken in July.

Barber said that he filed grievances in the prison administrative remedies procedure for his two claims and that both grievance procedures are complete.

Plaintiff's written submissions, including his complaint and written statement of facts, are substantially consistent with his testimony.  In addition, his prison medical records, Record Doc. No. 41, confirm his testimony that he was examined by a nurse and by Dr. Thomas on several occasions in May and June 2007 for abrasions and complaints of pain after his fall, and that he was provided with medication, including Motrin and a muscle relaxer.

Prior to the hearing, defendants filed various motions, including a motion to dismiss plaintiff's complaint for failure to state a claim upon which relief can be granted, a motion for partial summary judgment for failure to exhaust administrative remedies, a motion to dismiss plaintiff's amended complaint for failure to state a claim upon which relief can be granted and a motion for partial summary judgment on plaintiff's amended complaint for failure to exhaust administrative remedies. Record Doc. Nos. 19, 20, 32,

4

and 33.  Defendants generally argue that the complaint (1) fails to state a claim upon which relief can be granted because defendants are entitled to qualified immunity on all claims asserted against them in their individual capacity; (2) the complaint fails to state a claim for a violation of plaintiff's civil rights; (3) to the extent that defendants are being sued in their official capacity, they are not "persons" for the purposes of 42 U.S.C. § 1983 liability; and (4) plaintiff's claim for injunctive relief should be dismissed as frivolous.   Additionally, defendants argue that plaintiff has failed to exhaust administrative remedies on any of the claims he asserts against them in this lawsuit.

Barber was ordered to file a written response to the motions no later than August 14, 2007, and he has done so.  Record Doc. No. 37.  In addition, the court has considered all of plaintiff's written submissions, together with his oral testimony in opposition to the motions.

Considering the entire record, including plaintiff's testimony in the Spears hearing, which must be considered as having amended and expanded upon his complaint, and applying the applicable law, **IT IS RECOMMENDED** that defendants' motions to dismiss should be GRANTED as follows.

II.    ANALYSIS

A.    Standards of Review

"A federal court may dismiss a claim in forma pauperis 'if satisfied that the action is frivolous or malicious.'"  Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994) (quoting former 28 U.S.C. § 1915(d), now incorporated in 28 U.S.C. § 1915(e), as amended).  A complaint is frivolous "if it lacks an arguable basis in law or fact."  Davis v. Scott, 157 F.3d 1003, 1005 (5th Cir. 1998); Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994).  The law "'accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.'"  Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

The purpose of a Spears hearing is to dig beneath the conclusional allegations of a pro se complaint, to ascertain exactly what the prisoner alleges occurred and the legal basis of the claims.  Spears, 766 F.2d at 180.  "[T]he Spears procedure affords the plaintiff an opportunity to verbalize his complaints, in a manner of communication more comfortable to many prisoners."  Davis, 157 F.3d at 1005. The information elicited at such an evidentiary hearing is in the nature of an amended complaint or a more definite statement under Fed. R. Civ. P. 12(e).  Wilson v. Barrientos, 926 F.2d 480, 481 (5th Cir.

1991); Adams v. Hansen, 906 F.2d 192, 194 (5th Cir. 1990). "Upon development of the actual nature of the complaint, it may also appear that no justiciable basis for a federal claim exists." Spears, 766 F.2d at 182.

The court may make only limited credibility determinations in a Spears hearing, Norton v. Dimazana, 122 F.3d 286, 292 (5th Cir. 1997) (citing Cay v. Estelle, 789 F.2d 318, 326-27 (5th Cir. 1986), overruled on other grounds by Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728 (1992)), and may consider and rely upon documents as additional evidence, as long as they are properly identified, authentic and reliable. "The Court should allow proper cross-examination and should require that the parties properly identify and authenticate documents. A defendant may not use medical records to refute a plaintiff's testimony at a Spears hearing." Id. (citing Wilson, 926 F.2d at 482-83; Williams v. Luna, 909 F.2d 121, 124 (5th Cir. 1990)).

After a Spears hearing, the complaint may be dismissed as legally frivolous if it lacks an arguable basis in law, Jackson v. Vannoy, 49 F.3d 175, 176-77 (5th Cir. 1995); Moore v. Mabus, 976 F.2d 268, 269 (5th Cir. 1992), or "as factually frivolous only if the facts alleged are 'clearly baseless,' . . . [or] when the facts alleged rise to the level of the irrational or wholly incredible." Id. at 270.

"'A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest

7

which clearly does not exist.'"  <u>Davis</u>, 157 F.3d at 1005 (quoting <u>McCormick v. Stalder</u>, 105 F.3d 1059, 1061 (5th Cir. 1997)).  "When a complaint raises an arguable question of law which the district court ultimately finds is correctly resolved against the plaintiff, dismissal under Rule 12(b)(6) is appropriate; however, dismissal under the section 1915(d) standard is not."  <u>Moore</u>, 976 F.2d at 269.  A prisoner's in forma pauperis complaint which fails to state a claim may be dismissed sua sponte at any time under 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c)(1). However, pro se civil rights complaints must be broadly construed.  <u>Moore v. McDonald</u>, 30 F.3d 616, 620 (5th Cir. 1994).

When considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the court must take the well-pleaded factual allegations of the complaint as true.  <u>In Re Katrina Canal Breaches Litig.</u>, --- F.3d ----, 2007 WL 2200004, at *10 (5th Cir. Aug. 2, 2007). "All questions of fact and any ambiguities in the current controlling substantive law must be resolved in the plaintiff's favor."  <u>Lewis v. Fresne</u>, 252 F.3d 352, 357 (5th Cir. 2001); <u>accord</u> <u>Lovick v. Ritemoney Ltd.</u>, 378 F.3d 433, 437 (5th Cir. 2004).

"To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'  'Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).'"  <u>In Re Katrina Canal</u>

Breaches Litig., 2007 WL 2200004, at *10 (quoting Bell Atl. Corp. v. Twombly, 127 S.

Ct. 1955, 1974, 1965 (2007) (internal quotation marks, citations and footnote omitted)).

Motions to dismiss for failure to state a claim are viewed with disfavor and are

rarely granted.  Test Masters Educ. Servs., Inc. v. Singh, 428 F.3d 559, 570  (5th Cir.

2005).  "However, conclusory allegations or legal conclusions masquerading as factual

conclusions will not suffice to prevent a motion to dismiss."  United States ex rel. Bain

v. Georgia Gulf Corp., 386 F.3d 648, 654 (5th Cir. 2004) (quotation omitted).

In this case, as discussed below, all of plaintiff's claims must be dismissed with

prejudice under 28 U.S.C. § 1915(e) and 42 U.S.C. § 1997e(c)(1), either as legally

frivolous because they lack an arguable basis in law or under Rule 12(b)(6) in light of his

testimony explaining the factual basis of his claims, because plaintiff's complaint, as

amended by his testimony at the Spears hearing, fails to state a cognizable Section 1983

claim under the broadest reading.[1]

---

[1] Pro se civil rights complaints must be broadly construed, Moore, 30 F.3d at 620, and I have broadly construed the complaint in this case.

B.    Plaintiff's Claims

(1)    Medical Care

Barber contends that the medical care he received for injuries suffered in his May 5, 2007 fall was inadequate.  Barber was a convicted prisoner at all relevant times about which he complains.  In Estelle v. Gamble, 429 U.S. 97, 104 (1976), the Supreme Court held that a convicted prisoner may succeed on a claim for damages under 42 U.S.C. § 1983 for inadequate medical care only if he demonstrates that there has been "deliberate indifference to serious medical needs" by prison officials or other state actors. Only deliberate indifference, "an unnecessary and wanton infliction of pain . . . or acts repugnant to the conscience of mankind," constitutes conduct proscribed by the Eighth Amendment.  Id. at 105-06; accord Gregg v. Georgia, 428 U.S. 153, 182-83 (1976).

"Deliberate indifference" means that a prison official is liable "only if he knows that the inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it."  Farmer v. Brennan, 511 U.S. 825,  847 (1994).

An inmate must satisfy two requirements to demonstrate that a prison official has violated the Eighth Amendment.  "First, the deprivation alleged must be, objectively, 'sufficiently serious'; a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities."  Id. at 834 (quotation omitted).

10

Further, the plaintiff must establish that the defendant possessed a culpable state of mind.  Id. at 834 (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)).  A prison official cannot be held liable "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  Id. at 837.  "Mere negligence or a failure to act reasonably is not enough. The officer must have the subjective intent to cause harm."  Mace v. City of Palestine, 333 F.3d 621, 626 (5th Cir. 2003).  If the court finds that one of the components of the test is not met, it need not address the other component.  Davis, 157 F.3d at 1005.

> The Supreme Court has recently reaffirmed that "deliberate indifference" is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action.  Board of the County Commissioners of Bryan County, Oklahoma v. Brown, 520 U.S. 397, 117 S. Ct. 1382, 1391 (1997).  The deliberate indifference standard permits courts to separate omissions that "amount to an intentional choice" from those that are merely "unintentionally negligent oversight[s]."

Southard v. Texas Bd. of Crim. Justice, 114 F.3d 539, 551 (5th Cir. 1997) (additional citations omitted) (emphasis added).  "'Subjective recklessness,'" as used in the criminal law, is the appropriate test for deliberate indifference."  Norton, 122 F.3d at 291.

In this case, Barber's allegations negate any inference that defendants acted with deliberate indifference to plaintiff's serious medical needs. Initially, it cannot be concluded that the conditions he described, including aches and pains, presented a

11

serious medical need that posed a substantial risk of harm during his incarceration at RCC.

Plaintiff's complaints do not rise to the level of a <u>serious</u> medical need for purposes of constitutional analysis.  <u>See</u> <u>Vaughn v. City of Lebanon</u>, 18 Fed. Appx. 252, 2001 WL 966279, at *20 (6th Cir. 2001) (no serious medical need when treating physicians analogized plaintiff's pepper-spray-related symptoms to a case of poison ivy and when his cuts, bruises and abrasions from struggle were visible but not permanent); <u>Wesson v. Oglesby</u>, 910 F.2d 278, 284 (5th Cir. 1990) (swollen, bleeding wrists from handcuffs that were too tight do not constitute serious medical need); <u>Martin v. Tyson</u>, 845 F.2d 1451, 1457-58 (7th Cir. 1988) (toothache and ear infection not sufficiently serious); <u>Martin v. Gentile</u>, 849 F.2d 863, 871 (4th Cir. 1988) (sliver of glass in detainee's palm and minor cuts and bruises were not serious injury); <u>Dickson v. Colman</u>, 569 F.2d 1310, 1311 (5th Cir. 1978) (inmate who had full range of motion in his shoulder despite continuing pain from old injury did not have serious medical need); <u>Nelson v. Rodas</u>, No. 01CIV7887RCCAJP, 2002 WL 31075804, at *14 (S.D.N.Y. Sept. 17, 2002) (back spasms and pain not a serious medical need); <u>Solomon v. Moore</u>, No. 97 Civ. 0201(KTD), 2000 WL 385521, at *2-3 (S.D.N.Y. Apr. 14, 2000) (plaintiff who repeatedly signed up for sick calls because of alleged pain in his back and neck, who either did not show up for appointments or was prescribed very moderate pain

medication, and who was able to walk and function normally throughout time period of sick call requests did not present serious medical need); Griffin v. DeRobertis, 557 F. Supp. 302, 306 (N.D. Ill. 1983) (aches and sore throat not serious); .

Even assuming, however, for present purposes that plaintiff's medical problems resulting from his fall were serious, Barber has alleged facts, confirmed by his testimony and his medical records, that negate any conceivable inference of deliberate indifference by jail officials.  During his testimony, plaintiff stated that he had reviewed all of his medical records and that they were accurate.  Plaintiff's complaint, as amended by his testimony and confirmed by the medical records, shows that he received constitutionally adequate medical attention for the conditions about which he complains while incarcerated in RCC. Plaintiff was examined by a nurse immediately after his fall and then again by a doctor on several subsequent occasions.  Additionally, Barber received both Motrin and muscle relaxers for his complaints of neck pain, and he was x-rayed.

Under these circumstances, it cannot be inferred that jail personnel were deliberately indifferent to plaintiff's condition.  While it is clear from his allegations and testimony that he is not satisfied with the effectiveness of his medical care, it is equally clear that the medical care provided was constitutionally adequate.  Certainly, no finding of deliberate indifference to his medical needs can be made based on this record, which

includes both immediate and followup attention by medical personnel and the provision of medication and diagnostic x-rays for his complaints.

Contentions like Barber's that amount to a mere disagreement with the quality or extent of medical treatment or even negligence do not give rise to a Section 1983 claim. "[A]lthough inadequate medical treatment may, at a certain point, rise to the level of a constitutional violation, malpractice or negligent care does not." Stewart v. Murphy, 174 F.3d 530, 534 (5th Cir. 1999) (citing Mendoza v. Lynaugh, 989 F.2d 191, 193 (5th Cir. 1993)) (active treatment of prisoner's serious medical condition that ultimately resulted in death does not constitute the requisite deliberate indifference, even if treatment was negligently administered); see Norton, 122 F.3d at 291-92; Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991); Mendoza, 989 F.2d at 193 (prisoner's disagreement with the type or timing of medical services provided cannot support a Section 1983 claim); Wesson, 910 F.2d at 284 (allegations establishing provision of medical treatment are inconsistent with inference of deliberate indifference).

For all of the foregoing reasons, plaintiff's complaints in this case about his medical care advance a legally frivolous argument and fail to state a claim of violation of his constitutional rights sufficient to obtain relief under Section 1983.

14

(2)   Outside Recreation

Barber complained that he was not provided with sufficient outdoor exercise while incarcerated in lockdown for violation of a disciplinary rule at RCC.  This complaint is legally frivolous and wholly fails to state a claim. Inmates have no protected liberty interest in specific recreational opportunities. Lato v. Attorney Gen., 773 F. Supp. 973, 978 (W.D. Tex. 1991) (citing Beck v. Lynaugh, 842 F.2d 757, 762 (5th Cir. 1988)).  To succeed on a claim under Section 1983 for lack of exercise, a prisoner must set forth facts sufficient to "support the existence of any health hazard under the specific circumstances involved." Ruiz v. Estelle, 679 F.2d 1115, 1152 (5th Cir.), amended in part, vacated in part on other grounds, 688 F.2d 266 (5th Cir. 1982); accord Delaney v. DeTella, 256 F.3d 679, 684 (7th Cir. 2001); Green v. Ferrell, 801 F.2d 765, 771 (5th Cir. 1986).

To state a claim under 42 U.S.C. § 1983, plaintiff must also allege an actual injury caused by defendants' acts.  See Jackson v. Culbertson, 984 F.2d 699, 700 (5th Cir. 1993) (excessive force claim dismissed as frivolous when prisoner suffered no injury); Oliver v. Collins, 904 F.2d 278, 281 (5th Cir. 1990) (claims properly dismissed when plaintiff alleged insufficient causal connection between defendants' conduct and the claimed assault, and when plaintiff did not allege constitutional harm); Auster Oil & Gas, Inc. v. Stream, 835 F.2d 597, 602 (5th Cir. 1988) (Section 1983 is designed to compensate persons for actual injuries caused by deprivation of constitutional rights); Jefferson v.

<u>City of Hazelhurst</u>, 936 F. Supp. 382, 386 (S.D. Miss. 1995) ("To state a cause of action under Title 42 U.S.C. § 1983, the plaintiff must plead . . . seven elements, [including] . . . that there exists a direct causal connection, . . . without intervening factors, between the deprivation and some injury to plaintiff.")

Plaintiff's written submissions and testimony failed to establish any constitutional violation. First, he was permitted outdoor recreation, even while in lockdown, although he had to be restrained for disciplinary reasons. Second, his ailments, including muscle aches and pains, as an alleged result of a lack of outdoor exercise fail to establish causation of any serious health hazard sufficient to rise to the level of a constitutional violation. Barber cannot show either that he was deprived of outdoor recreation or that he suffered any physical injury or violation of his constitutional rights of any kind <u>as a result</u> of the alleged denial of outdoor exercise, he fails to state a cognizable Section 1983 claim, particularly in light of the extensive and continuous care he received for his various ailments.

### **<u>RECOMMENDATION</u>**

For all of the foregoing reasons, it is **RECOMMENDED** that defendants' motions to dismiss for failure to state a claim, Record Doc. Nos. 19 and 32, be **GRANTED** and that plaintiff's complaint be **DISMISSED WITH PREJUDICE** as legally frivolous

and/or for failure to state a claim under 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c)(1). It is further **RECOMMENDED** that defendants' motions for partial summary judgment alleging failure to exhaust prison administrative remedies procedures, Record Doc. No. 20 and 33, be **DISMISSED** as moot. It is unnecessary to address these motions in light of plaintiff's failure to state a cognizable Section 1983 claim.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this  13th  day of September, 2007.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

17